# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

In the Matter of the Application of the NEW YORK, WEST <span>37h 317<br>52ad125</span> SHORE AND BUFFALO RAILWAY COMPANY to ACQUIRE TITLE TO LANDS OF CORNELIA M. GENNET AND OTHERS.

*Damages for taking land for railroad purposes — the amount thereof, how far subject to review — the owner is entitled to the value of railroad tracks unlawfully constructed on his land by the company.*

APPEAL from an appraisal of damages made by commissioners appointed to appraise the damages to be occasioned by the taking of lands for the purposes of a railroad, and from an order of the Special Term confirming their report.

The land taken consisted of a part of a village lot, which was bounded on the blue line of the canal, together with the rights of the respondents in a public street upon which it fronted. The railroad company had, without authority, entered upon the land and laid and constructed their tracks thereon before instituting these proceedings. Exclusive of the superstructure upon it, the value of the land taken was placed at from $200 to $1,800. The commissioners fixed the value at $775. The value of the superstructure was placed by the commissioners at $225.

The court, at General Term, said : " The commissioners viewed the premises and had means for making up their judgment not possessed by this court and which could not be returned to us. We see nothing in the amount of this award which would, under the evidence, justify us in calling it excessive or unreasonable. Especially is this true when the rights of the respondents in German street are given to the railway company without any value having been put thereon. The interest of adjoining owners in the highway had some value. (See authorities cited at page 9 of Appendix to " Railroad Laws of New York," Albany, 1883 ; *Washington Cemetery* v. *P. P. and C. I. R. R. Co.*, 68 N. Y., 591.)

"Any structure wrongfully placed upon the lands by the railway company became by that act a part of the land and entered into its value. The case tends to show that the railway company entered upon the lands in question without right or authority from the owners and built the road in part thereon. The property so put upon the land added to its value and was properly included in the appraisal as property of the landowners to be taken by the railroad company. (*Matter of Long Island R. R.*, 6 Thomp. & Cook, 298, and note; *Bloodgood* v. *Mohawk and H. R. R. Co.*, 18 Wend., 9; *Frear* v. *Hardenbergh*, 5 Johns., 272.)

" The competency of evidence of the value of improvements put upon the premises has been considered. The condition of the premises when these proceedings were instituted was the proper subject of inquiry, and evidence of their condition at a prior time and before valuable improvements had been put thereon, was properly excluded. The cost of structures put upon the land was not competent and such evidence was properly rejected. The value of the land and structures thereon was alone to be determined. The cost is not a rule of damages. Courts will not disturb appraisal of damages for technical errors in the admission or rejection of evidence, unless it is apparent that such errors led to unjust results. The awards will be sustained unless the commissioners have clearly gone astray and disregarded legal principles as in *Matter of New York, Lackawanna and Western Railroad* v. *Arnott* (27 Hun, 151); *In re New York, West Shore and Buffalo Railroad Company* v. *Dudleston* (29 id., 609); *Troy and Boston Railroad Company* v. *Lee* (13 Barb., 169)."

*Everett & Lewis*, for the petitioner, appellant.

*Watts T. Loomis*, for landowners, respondents.

Opinion by BOARDMAN, J.

Present — HARDIN, P. J., and BOARDMAN, J.

The order of confirmation and report of commissioners affirmed, with costs.